UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IAM NATIONAL PENSION FUND )
)
and )
)
PHILIP J. GRUBER and )
HENRY C. EICKELBERG, )
Co-chairmen of the Board of )
Trustees of the IAM )
National Pension Fund, )
)
1300 Connecticut Avenue, NW )
Suite 300 )
Washington, DC  20036 )
(202) 785-2658 )
)
    Plaintiffs, )
)
  v. ) Case No.: 19-cv-801
)
VOSS PATTERN COMPANY )
1051 S. Rolff St. )
Davenport, IA 52802 )
(563) 323-9189 )
)
    Defendant. )

COMPLAINT

(An action for legal and equitable relief to enforce Section 515 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. § 1145)

1.    This is an action for legal and equitable relief brought pursuant to 29 U.S.C. §§1132(a) (3) and 1145 by the IAM National Pension Fund, National Pension Plan ("the Plan") and its Co-Chairmen (collectively "the Plaintiffs") to secure the performance of statutory and contractual obligations owed to the Plan by Defendant Voss Pattern Company ("Voss Pattern").

1

2. This Court has jurisdiction of this action under 29 U.S.C. §1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2).

4. The Plan is a collectively bargained labor-management pension trust fund created by the Agreement and Declaration of Trust originally entered on May 1, 1960, pursuant to the provisions of 29 U.S.C. §186(c)(5). The Plan maintains its principal place of business at 1300 Connecticut Avenue, NW, Suite 300, Washington, D.C.

5. The Plan is an "employee pension benefit plan" within the meaning of 29 U.S.C. §1002(2) and a "multiemployer plan" within the meaning of 29 U.S.C. §1002(37).

6. Plaintiffs Philip J. Gruber and Henry C. Eickelberg are the Co-Chairmen of the IAM National Pension Fund Board of Trustees and are fiduciaries within the meaning of 29 U.S.C. §1002(21).

7. Voss Pattern is a for-profit business organization authorized to do business in the state of Iowa and is an "employer" within the meaning of 29 U.S.C. §1002(5). Voss Pattern's principal office and place of business is in Davenport, Iowa.

8. On or around April 17, 2013, Voss Pattern entered in a Collective Bargaining Agreement with Local Lodge 1191, District No. 6 of the International Association of Machinists Aerospace Workers (the "Union"). Voss Pattern entered into successor Collective Bargaining Agreements with Local Lodge 1191 in 2014, 2015, 2016, and 2017. Pursuant to the Collective Bargaining Agreement, Voss Pattern agreed to make regular contributions to the Plan on behalf of those employees in the bargaining unit represented by Local Lodge 1191 that have the following job classifications: CNC Programmers, CNC Programmer Trainees, Pattern Makers, CNC Operators, Pattern Maker Trainees, Machinists, and Pattern Shop Working Supervisors.

9. Pursuant to the Collective Bargaining Agreements referred to in Paragraph 8 above,

Voss Pattern also adopted and agreed to be bound by the provisions of the IAM National Pension Fund Amended and Restated Trust Agreement ("Trust Agreement"), and the Plan rules as amended from time to time.

10. Article V, Section 3 of the Trust Agreement provides that:

All Contributions shall be payable to the I.A.M. National Pension Fund and shall be paid in the manner and form determined by the Trustees. The employers shall make all reports on Contributions required by the Trustees in the performance of their duties under this Restated Agreement and Declaration of Trust. Trustees may, by their representatives, examine the pertinent records of each Employer whenever such examination is deemed necessary or advisable by the Trustees in connection with the administration of the Trust. The Trustees may, at any time, designate a certified public accountant to conduct an audit of the pertinent payroll and wage records of any Employer to determine whether such Employer is making all required Contributions. The Trustees may charge the Employer with the cost of the audit. In the event the audit shows an underreporting of Contributions, the Employer shall pay liquidated damages of 20% on the underreported Contributions plus interest at the rate of 18% per year from the due date determined in rules adopted by the Trustees until the date payment is received.

11. Article V, Section 4 of the Trust Agreements provides that:

Each Employer shall be obligated to make Contributions when due. Failure of an Employer to make Contributions when due shall not relieve any other Employer of its obligation to make payments to the Fund.

Insofar as the payment of the Contributions by the individual Employer is concerned, time is of the essence. Regular and prompt payment by the Employers of the amounts due is essential for the maintenance of the Fund, and it would be extremely difficult, if not impracticable, to fix the actual expense and damage to the Fund and to the pension program provided by the Fund, which will result from the failure of an individual Employer to make payments in full within the required time period.

Payment of direct Employer Contributions, together with the completed reporting forms, are due on the due date determined in rules adopted by the Trustees. If the Employer fails to make such Employer Contributions when due, the Employer shall be liable for liquidated damages of 20% of the amount due and simple interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the due date payment is received.

The Trustees shall have the power to take any actions necessary to enforce the

payment of Contributions, liquidated damages, interest, and other amounts due, including but not limited to, the institution of or intervention in any legal, equitable, or administrative proceedings, and all reasonable expenses incurred by the Fund in enforcing the payment of Contributions, liquidated damages, interest, or other amounts due, including, but not limited to reasonable attorneys' fees, accountants' fees, and court costs, shall be added to the obligation of the defaulting Employer in addition to the amount due. The Employer agrees that such sums, together with liquidated damages and interest set forth above, shall be included in any judgment issued by a court. The Trustees shall have the authority to settle or compromise any claims, suits, or legal actions for less than the full amount due when in their discretion, they deem it in the best interests of the Fund.

12. In 2017, the Plan conducted a payroll audit of Voss Pattern. In August 2017, the payroll audit revealed that Voss Pattern breached the provisions of the Agreements by underpaying contributions owed to the Trust Funds based upon the hours worked by employees during the period of January 2014 through December 2016. Specifically, the audit determined that Voss Pattern failed to make contributions to the Plan for certain employees who held job classifications covered by the CBA. As a result, the audit found that Voss Pattern owes the Plan a total of $51,534.44 ($12,104.94 associated with Employer Code V18A and $39,429.50 associated with Employer Code V20A) in delinquent contributions.

13. The Plan first gave notice to Voss Pattern of this deficiency in September 2017. Since that time, Voss Pattern has refused to pay the delinquent amount owed to the Plan. Specifically, Voss Pattern has refused to pay the delinquent amount owed based on an assertion that it is not obligated to make Plan contributions on behalf of employees who are not members of Local Lodge 1191. However, that assertion is contrary to Voss Pattern's contractual obligations under the CBA as well as
federal labor federal law.

14. In accordance with the Collective Bargaining Agreements, the Trust Agreement, 29 U.S.C. § 1145, and 29 U.S.C. § 1132(g)(2), Voss Pattern is liable to the Plan for:

(a) The full amount of the unpaid contributions;

(b) interest on the unpaid contributions at the rate of eighteen percent (18%) per annum;

(c) an additional amount pursuant to 29 U.S.C. § 1132(g)(2)(C), equal to the greater of the interest on the unpaid contributions or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and

(d) the costs of this action, reasonable attorneys' fees, and/or accountants' fees.

15. Notwithstanding Plaintiffs' efforts to secure Voss Pattern's voluntary compliance with its contractual and statutory obligation to make pension contributions to the Plan, Voss Pattern continues to fail and/or refuse to make such payments in a timely manner.

16. Unless enjoined by order of this Court from doing so, Voss Pattern will continue to be delinquent in the financial and reporting obligations it owes the Plan.

WHEREFORE, Plaintiffs request the following relief:

A. A judgment ordering Voss Pattern, its officers, agents, successors and assigns:

　　1. To pay to the Pension Fund all delinquent contributions Voss Pattern owes to the Plan;

　　2. To pay to the Plan interest that has accrued on all delinquent contributions determined to be owed, at the rate of eighteen percent (18%) per annum;

　　3. To pay to the Plan an additional amount equal to the greater of the accrued interest or liquidated damages in the amount of twenty percent (20%); and

　　4. To pay to the Plaintiffs their reasonable attorneys' fees, accountant fees, and costs of this action;

B. An injunction requiring Voss Pattern, its officers, agents, successors, and assigns, to to comply with the Collective Bargaining Agreements, and the Trust Agreement incorporated

therein, including by submitting monthly remittance reports to the Plan and by making all past and future payments due to the Plan; and

  C. Any such further relief as the interests of justice may require.

### ***Jury Demand***

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand trial by jury in this action of all issues so triable.

Date: March 22, 2019      */s/*Joshua B. Shiffrin
                Joshua B. Shiffrin, Esq. (DC Bar ID: 501008)
                *jshiffrin@bredhoff.com*
                Kathleen Keller, Esq. (DC Bar ID: 470505)
                *kkeller@bredhoff.com*
                BREDHOFF & KAISER, P.L.L.C.
                805 Fifteenth St, N.W., Suite 1000
                Washington, D.C. 20005
                (202) 842-2600
                (202)842-1888 (fax)

                *Counsel for Plaintiffs I.A.M. National*
                *Pension Fund, National Pension Plan, Philip J.*
                *Gruber, and Henry C. Eickelberg*

**SERVICE UPON SECRETARY OF LABOR AND THE SECRETARY OF THE TREASURY**

  A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).


Date:   March 22, 2019         */s/*Joshua B. Shiffrin
                  Joshua B. Shiffrin, Esq. (DC Bar ID: 501008)